UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSE LIMA CASTRO | CIVIL ACTION |
| VERSUS | NO. 12-2049 |
| ROBERT TANNER, CCE, WARDEN, 22ND JUDICIAL DISTRICT COURT | SECTION "J"(4) |

## **ORDER AND REASONS**

Before the Court are a **Motion to Supplement Application for Writ of Habeas Corpus (Rec. Doc. No. 13, p. 8)** and a **Second Motion to Supplement Application for Writ of Habeas Corpus (Rec. Doc. No. 14)** filed September 19, 2012, and October 10, 2012, respectively, by the petitioner, Jose Lima Castro, requesting leave to supplement his federal petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 to include copies of pleadings filed in the state courts prior to the filing of his federal petition.

Rule 11 of the Rules Governing Section 2254 Cases, permits application of the Federal Rules of Civil Procedure in habeas cases "to the extent that [the civil rules] are not inconsistent with any statutory provisions or [the habeas] rules." *Mayle v. Felix*, 545 U.S. 644, 654 (2005) (quoting Fed. R. Civ. P. 11); *see also* Fed. Rule Civ. P. 81(a)(2) (The civil rules "are applicable to proceedings for . . . habeas corpus.") In addition, 28 U.S.C. § 2242 specifically provides that habeas applications "may be amended . . . as provided in the rules of procedure applicable to civil actions." Therefore,

the Court can utilize the parameters of Fed. R. Civ. P. 15 when considering motions to amend a habeas petition. *Mayle*, 545 U.S. at 655.

Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings. It provides that leave to amend pleadings "shall be freely given when justice so requires." Id. This and other federal rules "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v Gibson*, 355 U.S. 41, 48 (1957).

Rule 15(a) evinces a liberal amendment policy and a motion to amend should not be denied absent a substantial reason to do so. *See Jacobsen v Osborne*, 133 F.3d 315, 318 (5the Cir. 1998). However, leave to amend is by no means automatic. *Addington v Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981). The decision to grant or deny a motion for leave to amend lies within the sound discretion of the trial court. *Id.*

In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Gregory v Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). Leave to amend should be denied when doing so is required for fairness to the party opposing the motion for leave to amend. *Zenith Radio Corp. v. Hazeltime Research, Inc.*, 401 U.S. 321 (1971).

A review of the two pending motions reveals that Castro is attempting to supplement his 288 page petition with an additional 103 pages of duplicitous and unnecessary copies of pleadings associated with his efforts to obtain document copies in the state courts. Castro presents no

substantive argument in support of his claims. Instead he is seeking to only present addendums that ultimately will be part of the state court record provided to the Court by the respondent. The Court further notes that the materials reference events that occurred before the filing of the original petition and could have been included in Castro's original pleadings.

Castro's supplemental materials are unnecessary and would be burdensome on the record should their filing be allowed. Castro is placed on notice that it is unnecessary and inappropriate for him to continue requesting leave to supplement the record with this type of documentation. Accordingly,

**IT IS ORDERED** that Castro's **Motion to Supplement Application for Writ of Habeas Corpus (Rec. Doc. No. 13, p. 8)** and a **Second Motion to Supplement Application for Writ of Habeas Corpus (Rec. Doc. No. 14)** are **DENIED**.

New Orleans, Louisiana this 15th day of October, 2012.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**