UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSE LIMA CASTRO** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-2049** |
| **ROBERT TANNER, CCE, WARDEN** | **SECTION "J"(4)** |

## ORDER AND REASONS

The petitioner, Jose Lima Castro, filed *ex parte* a **Motion to Reconsider (Rec. Doc. No. 43)** in which he seeks reconsideration of this Court's denial of his Motion to Compel (Rec. Doc. No. 39) in which he sought production of certain discovery by the respondent. Castro requests that the Court reconsider its Order denying the Motion to Compel because he needs the documents as support for his challenge to the propriety of his arrest and trial testimony related to the probable cause underlying the arrest.

The Federal Rules of Civil Procedure do not formally recognize a motion to reconsider. *Pryor v. United States Postal Serv.*, 769 F.2d 281, 285 (5th Cir. 1985). The federal courts in this circuit, however, treat a motion to reconsider, when filed within 28 days of the underlying ruling, as a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e). *Accord Dixon v. 24th Jud. Dist. Ct.*, No. 12-3026, 2013 WL 4517932, at *1 (E.D. La. Aug. 23, 2013); *Freeport-McMoran Sulphur, LLC v. Mike Mullen Energy Equip. Res.*, No. 03-1496, 2004 WL 1488665, at *1 (E.D. La. June 30, 2004); *see also*, *Lavespere v. Niagra Mach. & Tools Works, Inc.*, 910 F.2d 167, 173 (5th

Cir. 1990). Castro's motion was submitted to the Court for filing within that time period and is addressed here under Rule 59(e).

A court's reconsideration of a prior order under Fed. R. 59(e) is an extraordinary remedy that should be used only sparingly and not to re-litigate old matters or to raise new arguments or present evidence that should have been brought with the earlier motion. *See Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990); *Karim v. Finch Shipping Co.*, 111 F. Supp.2d 783, 784 (E.D. La. 2000); *Clancy v. Employers Health Ins. Co.*, 101 F. Supp.2d 463, 465 (E.D. La. 2000). Instead, Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989); *CEF Funding, LLC v. Sher Garnder Cahill Richter Klein & Hilbert, LLC*, No. 09-6623, 2011 WL 1792691, at *1 (E.D. La. May 9, 2011).

The Court, therefore, will only consider the motion when the moving party establishes at least one of the following factors: (1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the movant presents new evidence; (3) the motion is necessary in order to prevent manifest injustice; and (4) the motion is justified by an intervening change in the controlling law. *Gregg v. Weeks Marine, Inc.*, No. 99-1586, 2000 WL 802865, at *2 (E.D. La. May 26, 2000). Castro has not established any error of law or fact in or manifest injustice arising from the Court's prior ruling, nor has he pointed to any new evidence or a change in the law that must be considered.

In his original motion, denied by this Court's Order (Rec. Doc. No. 40) on October 8, 2013, Castro sought an order to compel discovery from the State to provide him with records from the Gretna Police Department related to his arrest, including written and recorded communications and

reports. This motion was not Castro's first request for the Court to allow discovery and production of the same and similar records. His first such motion was denied on August 20, 2012, because Castro failed at that time to present a basis for the Court to allow discovery or to require the State to produce any documents directly to him.[1]

Similarly, this Court found Castro's latest motion to compel to be baseless.[2] The Court denied the motion finding no good cause for the discovery as required by Rule 6 of the Rules Governing Section 2254 Cases and related case law. In addition, Castro had not demonstrated any effort to obtain the documents through appropriate means prior to seeking a motion to compel. The Court also advised Castro that federal habeas review is limited to the record that was before the state court when relief was denied on the claims raised.

Nothing has changed in this regard and the Court reiterates by reference the reasons presented for denying both of Castro's prior attempts to obtain discovery in this federal habeas proceeding. Castro has not shown good cause for this Court to allow discovery in this matter. Although the State has not yet filed its newly ordered response, a review of the record already before the Court demonstrates that Castro's Fourth Amendment claims challenging the propriety of his arrest most likely can not be considered by this Court on habeas review. *See Stone v. Powell*, 428 U.S. 465, 480-81 (1976). The record also demonstrates (as already alleged by the State) that several of his claims may be in procedural default under state law. Therefore, any challenge to the arrest that has already been fully adjudicated in the state courts and any claim barred from federal review

---

[1] Rec. Doc. Nos. 4, 7.

[2] Rec. Doc. No. 40.

will be dismissed without further consideration by the Court. No further supporting documentation would be necessary for this Court's resolution of such matters.

Furthermore, as Castro has been repeatedly advised by this Court, the United States Supreme Court has held that "[i]f a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court."[3] *Cullen v. Pinholster*, __ U.S. __, 131 S. Ct. 1388, 1400 (2011). The federal courts' review under § 2254 is limited to the record that was before the state court that adjudicated the claims. *Id.*, 131 S. Ct. at 1398. Therefore, it would be inappropriate to allow Castro to seek out and present to this Court documentation, recordings, or reports that were not already before the state courts when addressing his federal habeas claims on the merits.

The Court is aware that Castro now indicates that he has sought to no avail to obtain these records through the state court in Jefferson Parish, the Jefferson Parish District Attorney and Sheriff, and the Gretna Police Department. He is aggrieved by the state courts' denial of his requests and suggests that this Court should require the state court and these entities to provide the documents as public records needed for this habeas proceeding. As a perfunctory matter, this federal court does "not sit as [a] 'super' state supreme court" to review the state court's ruling or its application of state law, which would include the state court's denial of access to the records Castro now seeks. *Accord Wilkerson v. Whitley*, 16 F.3d 64, 67 (5th Cir. 1994); *see also Swarthout v. Cooke*, 131 S. Ct. 859, 861 (2011) (federal habeas review does not lie for errors of state law); *see also*, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) (forming the *Rooker/Feldman* doctrine which holds that federal district courts

---

[3]Section 2254(d)(1) provides the deferential standard of review which limits the grant of habeas relief to those state court decisions that are contrary to, or an unreasonable application, of federal law.

lack jurisdiction to entertain collateral attacks on state court judgments). Without some showing that the documents are necessary to this Court's review, Castro has failed to present a basis for this Court to allow discovery at this time or to otherwise order production of documents, recordings, and reports not already in the record reviewed by the state courts.

For the foregoing reasons, Castro has failed to present a basis for this Court to reconsider its October 8, 2013, Order (Rec. Doc. No. 40) denying his Motion to Compel (Rec. Doc. No. 39). Accordingly,

**IT IS ORDERED** that Castro's **Motion to Reconsider (Rec. Doc. No. 43)** is **DENIED**.

New Orleans, Louisiana, this 4th day of November, 2013.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**